6709

## GUIGNARD v. FLANAGAN.

ISSUES—TITLE.—Where issue of title is submitted to Circuit Judge, his conclusions on matters of fact is final unless controlled by an erroneous view of the law or influenced by an erroneous ruling or error in the admission or rejection of evidence or without evidence to support them.

Before HYDRICK, J., Richland, August, 1906.    Affirmed.

Action by Sarah A. Guignard and Mary E. Maxcy against Agnes M. Flanagan. From Circuit decree all defendants appeal except Agnes M. Flanagan.

*Mr. Andrew Crawford,* for appellant, cites: *Deed in fraud of creditors will not be sustained:* 43 S. C., 318; 16 S. C., 347; 53 S. C., 489; Rice Eq., 40; 11 Rich., 601; 14 S. C., 154, 337; 3 Rich. Eq., 153; 70 S. C., 344; 32 S. C., 596. *Deed must be construed most strongly against Uriah:* 32 S. C., 595; 16 S. C., 334; 11 Rich. Eq., 582; 70 S. C., 344. *Uriah cannot explain or vary the deed:* 17 S. C., 528; 1 Strob., 48. *Grantor cannot claim resulting trust to himself, nor can he attack validity of his own deed:* 1 Bay, 461; 2 Dev. on Deeds, secs. 830, 831, 834; 1 John. Ch., 339; 20 S. C., 417. *Nor is it a constructive trust:* 2 Pom. Eq. Jur., sec. 1044. *Nor can deed be reformed after death of grantor for thirty years:* 4 Rich. Eq., 313; 2 Dev. on Deeds, sec. 1188; 1 Hill Eq., 242. *Lapse of time bars setting aside the deed:* 2 McC. Ch., 112; 25 S. C., 408. *There was no error in excluding evidence that deed based on a good consideration was in fact based on valuable consideration and executed for a different purpose than expressed:* 53 S. C., 487; 72 S. C., 410; 2 McC. Eq., 113, 137; 1 McC., 515. *Parol evidence contradicting or varying a deed is only admissible under allegations of fraud or of its destruction:* 68 S. C., 109; 39 S. C., 356; 64 S. C., 233. *Where there is a lack of evidence to sustain the finding of adverse posses-*

*sion or presumption of a grant, this Court may direct fram-
ing an issue or reverse the finding:* 9 S. C., 271; 64 S. C.,
233; 61 S. C., 568.   *Tenant cannot ripen title by holding
adversely to his landlord without some open disclaimer of
his tenancy:* 5 Cow., 123; 1 Meb., 95; 1 Speer. Law, 217;
2 Bail., 603; 2 Speer., No. 291; 1 Speer., 226; 1 Ency.,
794; 35 S. C., 609; 2 Bay, 487.   *The same rule applies to a
holding sufficient to presume a grant:* 72 S. C., 319; 45 S.
C., 313; 11 Rich., 109.

*Messrs. Thomas & Thomas* and *J. S. Muller,* contra, cite:
*Issue of title in partition is triable by jury:* 41 S. C., 195.
*And where this issue is tried by the Court its findings are
final:* 38 S. C., 421; 42 S. C., 146.

November 27, 1907.   The opinion of the Court was deliv-
ered by

Mr. Justice Jones.   Uriah C. Frost died June 16, 1901,
intestate, leaving as his heirs at law three sisters, Mrs. Sarah
A. Guignard, Mrs. Mary F. Maxcy and Mrs. Agnes M.
Flanagan, and nine nephews and nieces, children of his de-
ceased brother John D. Frost, all of whom are parties to this
action.   The suit is brought, in part, to partition a tract of
474 acres of land in Fairfield County, it being alleged that
Uriah C. Frost died seized and possessed of said land, and
that each of said sisters were entitled to one-fourth interest,
and each of the children of said brother, John D. Frost,
to one thirty-sixth interest.   The defendants, Kate F. Price,
C. Wesley Frost and John D. Frost, made answer, claiming
that John D. Frost, deceased, owned the whole tract in his
own right, and they, as his heirs at law, were each entitled
to one-ninth interest therein.   All the other defendants an-
swered ,admitting the allegations of the complaint.   By con-
sent of all parties it was referred to the master to take testi-
mony upon the issue of title raised, the order requiring the
master to report the testimony, and that the Court shall try
and determine said issue.

Upon the testimony as reported by the master, Judge D. E. Hydrick found the following facts:

"On December 7, 1874, Uriah C. Frost bought the Fairfield tract at sheriff's sale and had it conveyed by deed, of that date, to John D. Frost, his brother. The deed and plat were delivered to and kept by John D. Frost until his death, when they were found amongst his papers. I am fully satisfied that Uriah paid for the land. At the time of the purchase Uriah was in debt; a judgment had been obtained against him, and he had the deed made to his brother to shield the land from his creditors. It was not intended, therefore, either by Uriah or John, that John should have the beneficial interest in the land. Uriah took actual and exclusive possession of the tract, and held it openly, adversely and continuously from the date of the purchase until the date of his death. This was done with the knowledge and acquiescence of John, who, though he knew of the deed, never made any claim to or exercised any act of ownership over it or any part of it, but, on the contrary, always acknowledged Uriah's ownership.

"After the death of said John D. Frost, in 1899, all his children, except Mrs. Kate F. Price, C. Wesley Frost and John D. Frost, executed to Uriah a quitclaim deed to their interest in said tract. The three above named refused to do so, and claim an interest therein under the said deed to their father."

Upon these facts the Court held that Uriah C. Frost died seized and possessed of the land, and therefore he decreed partition of the land in accordance with the prayer of the complaint.

Where the issue of title is submitted to the Court without a jury, the conclusion of the Court on matters of fact involved is final. *Peeples* v. *Warren,* 51 S. C., 560, 29 S. E., 659; *Johnson* v. *Jones,* 72 S. C., 286, 51 S. E., 805; *Gunter* v. *Fallow, ante,* 457.

It does not appear that the conclusion of fact by the Circuit Court was without evidence to support it or was controlled by any erroneous view of the law, or was influenced by any erroneous ruling, in the admission or rejection of evidence.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.